JNK:hkp

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. **00-6142-Cr-ZLOCH**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.

**TIMOTHY BROWN,**

    **Defendant,**

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

- A. 1. Enclosed, please find a copy of an audio tape which contains recordings of conversations of the defendant.

    2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

    3. No defendant testified before the Grand Jury.

    4. The NCIC record of the defendant is attached.

    5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for July 24, 2000 at 1:30 p.m. Please



> call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.
>
> The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

    6. A laboratory analysis report regarding the cocaine seized in connection with this case is attached. A further analysis will be made to determine if the cocaine is crack cocaine, which analysis will be made available upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). The informant had previously worked for law enforcement to work off state charges. He had successfully completed his assistance and was paid approximately $200 for his assistance in this case.

E. The government has attached the prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The attachments to this response are numbered pages 01-29. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *(signature)*

JEFFREY N. KAPLAN
Assistant United States Attorney
Florida Bar No. A5500030
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Telephone: (954) 356-7255x3515
Facsimilie: (954) 3456-7228
E-Mail Address:
(Jeffrey.Kaplan.lastname@justice.usdoj.gov)

cc: Special Agent Steve McKean,
Bureau of Alcohol, Tobacco & Firearms

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand delivered in Court this 20th day of July, 2000 to:

Timothy Day, Assistant Federal Public Defender
101 Northeast Third Avenue, Suite 202
Fort Lauderdale, Florida 33301

*(signature)*

Jeffrey N. Kaplan
Assistant United States Attorney